**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

STEPHEN OLSON,                                   CIVIL ACTION NO. 2:21-cv-3980

               Plaintiff,                          JUDGE:

V.                                                          MAGISTRATE:

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

               Defendant.

## NOTICE OF REMOVAL

**NOW COMES** Defendant, The Lincoln National Life Insurance Company (hereinafter referred to as "Lincoln"), through undersigned counsel and hereby gives Notice of Removal of Case No. 2021-004179 from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana to the United States District Court for the Western District of Louisiana.

Pursuant to 28 U.S.C. § 1446, Lincoln hereby invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332 and 1441, and states the following grounds for removal:

## REMOVAL JURISDICTION

This Court has original jurisdiction over this action because it involves claims alleging violations of federal law.

In support of removal, Lincoln makes the following showing:

## TIMELINESS OF REMOVAL

1.     On September 30, 2021, Plaintiff Stephen Olson ("Plaintiff" or "Olson") commenced a civil action against Defendant by filing a Petition ("Petition") in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Case No. 2021-004179.

2.      Lincoln was served through the Louisiana Secretary of State on November 3, 2021.

3.      Lincoln has not served or filed any answer or responsive pleading to the Petition or made any appearance or argument before the 14th Judicial District Court for the Parish of Calcasieu in this matter.

4.      This Notice is filed with this Court within thirty (30) days after Lincoln received a copy of the Petition upon which this action is based, and before any proceedings were had thereupon in the 14th Judicial District Court for the Parish of Calcasieu. This removal is timely pursuant to 28 U.S.C. § 1446(b).

5.      In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders which have been served upon Lincoln are attached hereto as Exhibit A.

**FEDERAL QUESTION JURISDICTION**

6.      This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges in his Complaint violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability,

death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

7.    By the State Action, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which he was a participant by virtue of his employment with Bailiwick, Inc.[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff in the State Action are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Petition. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

## **VENUE**

Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the Western District of Louisiana embraces the 14th Judicial District Court for the State of Louisiana, Parish of Calcasieu, which is the venue where the original state court action was filed.

---

[1] Petition, ¶¶ 2, 3 8-18, and 23.

Lincoln submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

Contemporaneously with this filing, Lincoln is also filing a Notification of Removal with the 14th Judicial District Court for the Parish of Calcasieu as required by 28 U.S.C. §1446(d).

**WHEREFORE**, Lincoln hereby removes this action from the 14th Judicial District Court for the Parish of Calcasieu to the United States District Court for the Western District of Louisiana.

Respectfully submitted this 16th day of November 2021.


**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Christopher K. Ralston (Bar #26706)
Lindsay Calhoun (Bar #35070)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  ralstonc@phelps.com
        lindsay.calhoun@phelps.com

**COUNSEL FOR DEFENDANT THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**

4

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will automatically send email notification to counsel registered for electronic service. A copy of the foregoing was also delivered via email and/or U. S. Mail, postage prepaid to:

> Jason R. Bell
> Steven Broussard
> Aaron Broussard
> Michael Williamson
> Rachel K. Couvillion
> Broussard & Williamson
> 1301 Common Street
> Lake Charles, LA 70601
> aaron@bwtriallawyers.com
> mike@bwtriallawyers.com
> rachelc@bwtriallawyers.com
> jason@bwtriallawyers.com

Dated: November 16, 2021.

/s/ *Lindsay Calhoun*
Lindsay Calhoun