# State of Louisiana
## Secretary of State

11/04/2021

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

LINCOLN NATIONAL LIFE INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802-5921

Suit No.: 20214179
14TH JUDICIAL DISTRICT COURT
CALCASIEU PARISH

STEPHEN OLSON
vs
LINCOLN NATIONAL LIFE INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: M. LOCKWOOD

Date: 11/03/2021
Title: DEPUTY SHERIFF

EXHIBIT

__A__

No: 1216275

DB



Citation



STEPHEN OLSON

VS.   2021-004179

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY

14th Judicial District Court
State of Louisiana
Parish of Calcasieu

THE STATE OF LOUISIANA

TO:   LINCOLN   NATIONAL   LIFE   AND
INCURANCE   COMPANY
THROUGH   REGISTERED   AGENT
FOR     SERVICE     OF     PROCESS,
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA  70809

**SERVED ON**
**R. KYLE ARDOIN**

**NOV 0 3 2021**

SECRETARY OF STATE
COMMERCIAL DIVISION

Parish of Calcasieu, Louisiana, Defendant in said suit:

YOU ARE HEREBY CITED TO APPEAR before said Court, for said Parish, and to comply with the demand contained in the petition of STEPHEN OLSON,      (PETITION FOR DAMAGES)      against you, certified copy of which petition accompanies this citation, or file your answers thereto in writing in the office of the Clerk of Court, at the Courthouse, in the City of Lake Charles, in said Parish, within fifteen (15) days after the service hereof, under penalty of default.

Witness the Honorable Judges of said Court, at Lake Charles, Louisiana, this 30th day of September 2021.

Issued and delivered October 28, 2021

Byron Wilkinson

Deputy Clerk of Court

------------------------------------- SERVICE INFORMATION -------------------------------------

Received on the _____ day of _____ 20___, and on the _____ day of _____ 20___, served the above named party as follows:

PERSONAL SERVICE on the party herein named _____

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile
in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.
RETURNED:
PARISH OF _____ this _____ day of _____ 20_____

SERVICE        $_____

MILEAGE        $_____

TOTAL $_____

Party No.      P001

BY:   _____
         Deputy Sheriff



Filing Date: 10/28/2021 08:41 AM      Page Count: 1
Case Number: 2021-004179
Document Name: 1600 Citation

[ Service Copy ]
CMS0085

Page 1 of 1

| | | |
|---|---|---|
| STEPHEN OLSON | : | 14th JUDICIAL DISTRICT COURT |

STEPHEN OLSON                    :    14th JUDICIAL DISTRICT COURT

VS NO. 2021-4179                :    PARISH OF CALCASIEU

THE LINCOLN NATIONAL LIFE       :    STATE OF LOUISIANA
INSURANCE COMPANY               :

FILED: SEP 3 0 2021             :
                                :    *Jennifer Myatt* (signature)
                                     DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes STEPHEN OLSON, a person

of the full age of majority, domiciled in Calcasieu Parish Louisiana, who represents the following:

1.

Made Defendant herein is THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

a foreign insurance company authorized to do and doing business in the State of Louisiana,

hereinafter referred to at times as "Lincoln."

2.

CALCASIEU CLERK-DIST
SEP 30 2021 PM 1:36:06

At all times mentioned herein, LINCOLN was the guarantor of a policy of long-term

disability insurance insuring STEPHEN OLSON through his employer, Bailiwick Inc. (Bailiwick).

3.

Plaintiff was employed with Bailiwick as a Project Manager II.  Bailiwick was the

policyholder of a group policy of long-term disability insurance insuring Plaintiff.

4.

Bailiwick is a national information technology solutions and infrastructure company.  Part

of Bailiwick's services include installing network infrastructures in large retail stores across the

country.

5.

On July 26, 2016, Plaintiff was severely injured in a motorcycle crash.  He received injuries

to his right ankle, lower right leg, right knee, and right wrist from the crash.

6.

After the crash, Plaintiff was unable to work due to his injuries and related treatment.  Due

to his ongoing medical issues that prevent him from performing his job duties or the main job

duties of any gainful occupation, Plaintiff has not returned to work since February 8, 2017.

7.

Plaintiff filed a claim with LINCOLN for short-term disability under a policy held by

Bailiwick, which was eventually compromised and settled.

8.

Plaintiff filed a claim with LINCOLN for long-term disability benefits under the policy held by Bailiwick, which claim was acknowledged by LINCOLN as of October 11, 2018.

9.

Plaintiff's claim for long-term disability benefits was approved on or about January 24, 2019, for the period beginning September 1, 2017. On January 20, 2019, LINCOLN notified Plaintiff that under the subject policy, he was entitled to an "extension of death benefit" whereby his group life insurance would be continued without further payment of premiums.

10.

By letter dated November 5, 2019, Plaintiff received notification from LINCOLN that his extension of death benefits was terminated as of that date, citing that Plaintiff did not meet the policy's definition of Total Disability. Plaintiff filed an appeal of this termination on November 11, 2019.

11.

By letter dated November 13, 2019, Plaintiff received notification from LINCOLN that his long term disability benefits were terminated effective November 12, 2019, citing that Plaintiff did not meet the policy's definition of Total Disability. Plaintiff filed an appeal of this termination on November 25, 2019.

12.

By letter dated September 16, 2020, Plaintiff was notified that LINCOLN found that benefits were warranted under the Long Term Disability policy due to restrictions and limitations from cognitive deficits related to his behavioral health condition, with benefits payable from November 13, 2019 for a 24-month period. The policy carried a 24-month specified limitation on behavioral health conditions. LINCOLN also approved Plaintiff's extension of death benefits for said 24-month period.

13.

Due to the conditions in Southwest Louisiana in the aftermath of Hurricane Laura, Plaintiff was granted an extension to December 23, 2020, to respond.

14.

By letters dated January 6, 2021, Plaintiff was notified that:

(a) LINCOLN found that benefits were warranted under the Long Term Disability policy due to restrictions and limitations from cognitive deficits related to his behavioral health condition, with benefits payable from November 13, 2019, however, LINCOLN did not approve benefits beyond November 13, 2019 for Plaintiff's physical condition; and

(b) LINCOLN approved Plaintiff's claim for extension of death benefits beginning November 13, 2019.

15.

Plaintiff filed an appeal of LINCOLN'S determination that he was not eligible for long term disability benefits based on his physical condition.

16.

By letter dated January 19, 2021, Plaintiff was notified that LINCOLN would not provide extension of death benefits beyond November 5, 2019.  Plaintiff appealed this decision on April 19, 2021.

17.

By letter dated June 11, 2021, Plaintiff was notified that LINCOLN was unable to approve disability benefits beyond November 13, 2021, and was unable to approve extension of death benefits beyond November 5, 2019.  Plaintiff appealed these decisions on June 21, 2021.

18.

By letter dated August 31, 2021, Plaintiff was notified that LINCOLN was unable to approve disability benefits beyond November 13, 2021, and further, that all rights of appeal had been exhausted.

19.

LINCOLN'S stated reason for denying Stephen's claim is that Stephen is not incapable of performing all of his main job duties or main job duties of any gainful occupation. LINCOLN also asserts that there is no medical evidence to support his claim of total disability as defined in the policy.

20.

The Lincoln Financial Group policy states:

Total Disability or Totally Disabled will be defined as follows:

1.      During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.

2.      After the Own Occupation period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any Gainful Occupation.

21.

Plaintiff has a continuous permanent disability due to his injuries and is totally vocationally disabled.  Plaintiff has moderate loss to the functional use of his upper right extremity, which is his dominant side. Plaintiff has a near total loss to the functional use of his left lower extremity He has extreme, constant pain from his injuries. He takes prescription pain medication daily to be able to function minimally. Any activity exacerbates his pain and creates swelling.

22.

The constant pain and medication renders Plaintiff incapable of performing the main duties of his previous occupation or any gainful occupation.

23.

Pursuant to law and the terms of the policy, Defendants owe payment for long term disability benefits and extension of death benefits to Plaintiff for the maximum benefit period, penalties, attorney fees, costs, and interest, less credit for payments made and offsets due to Social Security Disability payments. Plaintiff also claims any other non-economic damages available under law, such as mental and emotional distress and frustration.

24.

Plaintiff's damages are legally sufficient to warrant a jury trial and are sufficient for federal court jurisdiction.

**WHEREFORE**, the premises considered, Plaintiff, STEPHEN OLSON, prays that:

I.      Defendant The Lincoln National Life Insurance Company be served with a copy of this petition and be duly cited to appear and answer the same;

II.     After due proceedings had, there be judgment herein in favor of Plaintiff, Stephen Olson and against Defendant The Lincoln National Life Insurance Company, for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand until paid, penalties, attorneys fees, and all costs of these proceedings; and

III.    Plaintiff be granted all further and different relief as the facts, law, and equity of this case require.

RESPECTFULLY SUBMITTED BY
BROUSSARD & WILLIAMSON
*Attorneys for Plaintiffs*



JASON R. BELL (#30860)
STEVEN BROUSSARD (#3518)
AARON BROUSSARD (#30134)
MICHAEL WILLIAMSON (#31004)
RACHEL K. COUVILLION (#33927)
1301 Common Street
Lake Charles, LA   70601
(337) 439-2450  Telephone
(337) 439-3450  Facsimile

# BROUSSARD₊
# WILLIAMSON⁺

**PLEASE SERVE:**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**
*Through its registered agent for service of process*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809

A TRUE COPY
Lake Charles Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana     OCT 2 8 2021



7020 1290 0000 7545 3474

FIRST CLASS



U.S. POSTAGE >> PITNEY BOWES

ZIP 70802   $ 005.31⁰
02 4W
0000382768 NOV. 04. 2021

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

SS151-A