**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **STEPHEN OLSON,** | **CIVIL ACTION NO. 2:21-cv-03980-JDC-KK** |
| **Plaintiff,** | **JUDGE CAIN** |
| **V.** | **MAGISTRATE KAY** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | |
| **Defendant.** | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION AND COUNTERCLAIM

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Petition for Damages ("Petition") and Lincoln files a counterclaim through its undersigned counsel and alleges as follows:

1.      Lincoln admits that it is an Indiana Corporation that is licensed to engage in the business of insurance in the State of Louisiana.  Lincoln denies all remaining allegations contained in Paragraph 1 of the Petition.

2.      Lincoln admits that Plaintiff was, at certain times, employed by Bailiwick Inc. ("Bailiwick") and a participant in the Bailiwick Inc. Long-Term Disability Plan (the "LTD Plan") sponsored by Bailiwick to provide disability benefits to certain of its employees.  Lincoln admits that it issued a Group Disability Income Policy (the "Policy") to Bailiwick and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 2 of the Petition.

3.      Lincoln admits that Plaintiff was, at certain times, employed by Bailiwick as a Project Director and was, at certain times a participant in the LTD Plan.  Lincoln admits that it issued the Policy to Bailiwick and that, at certain times, the Policy insured benefits from the LTD

Plan under the terms of the Policy.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Petition.

4.    Lincoln is without knowledge or information sufficient to form a belief concerning Bailiwick's products and services to admit or deny allegations concerning those matters.  Lincoln admits that certain documents concerning Plaintiff's job description at Bailiwick are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Petition.

5.    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Petition.

6.    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits that Plaintiff's last day of work at Bailiwick was February 9, 2017.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Petition.

7.    Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Bailiwick Inc. Short-Term Disability Plan (the "STD Plan").  Lincoln denies all remaining allegations contained in Paragraph 7 of the Petition.

8.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Petition.

9.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy.  Lincoln admits it sent a letter to Plaintiff dated January 30, 2019, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Petition.

10.     Lincoln admits it sent a letter to Plaintiff dated November 5, 2019, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln admits it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further extension of death benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Petition.

11.     Lincoln admits it sent a letter to Plaintiff dated November 13, 2019, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln admits it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 11 of the Petition.

12.     Lincoln admits it sent a letter to Plaintiff's counsel dated September 16, 2020, and Lincoln refers to the letter itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the Policy, Lincoln

refers to the Policy itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 12 of the Petition.

13.    Lincoln admits it sent a letter to Plaintiff's counsel dated November 11, 2020, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 13 of the Petition.

14.    Lincoln admits it sent letters to Plaintiff's counsel dated January 6, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents.  Lincoln denies all remaining allegations contained in Paragraph 14 of the Petition.

15.    Lincoln admits it received a letter from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 15 of the Petition.

16.    Lincoln admits it sent a letter to Plaintiff's counsel dated January 19, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 16 of the Petition.

17.    Lincoln admits it sent letters to Plaintiff's counsel dated June 11, 2021, and Lincoln refers to the letters themselves as the best evidence of their contents.  Lincoln admits it received letters from Plaintiff's counsel, appealing the denial of Plaintiff's claim for further extension of death benefits and for further benefits from the LTD Plan under the Policy, along with additional documentation, which are contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 17 of the Petition.

18.     Lincoln admits it sent a letter to Plaintiff's counsel dated August 31, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 18 of the Petition.

19.     Lincoln admits it sent a letter to Plaintiff's counsel dated August 31, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 19 of the Petition.

20.     Lincoln admits that the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Petition.

21.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 21 of the Petition.

22.     Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 22 of the Petition.

23.     To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer.  To the extent Plaintiff attempts to interpret the Policy or its terms, Lincoln refers to the Policy itself as the best evidence of its contents.  Lincoln admits that the terms of the Policy and the documents governing the LTD Plan, require offset and/or repayment of income earned

by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 23 of the Petition.

24.    Lincoln admits that the LTD Plan and Plaintiff's claim for benefits from the LTD Plan are governed by Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132(a)(1)(B)) under jurisdiction of the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1331. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies Plaintiff is entitled to a jury trial under ERISA and denies that Plaintiff is entitled to any remedy or relief against it whatsoever. Lincoln denies all remaining allegations contained in Paragraph 24 of the Petition.

25.    Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Petition and denies Plaintiff is entitled to the relief sought in the Prayer of the Petition.

Lincoln denies all allegations contained in the Petition not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

## FIRST DEFENSE

To the extent the Petition seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## SECOND DEFENSE

The Policy and plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the LTD Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Lincoln's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

## THIRD DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Petition are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the LTD Plan.

## FOURTH DEFENSE

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

**FIFTH DEFENSE**

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

**SIXTH DEFENSE**

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

**SEVENTH DEFENSE**

This action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received.  Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

**EIGHTH DEFENSE**

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA.  Further, Plaintiff may not recover damages under state law in this action.  Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

**NINTH DEFENSE**

At all times material to the Petition, Lincoln acted in good faith and in compliance with the terms and conditions of the LTD Plan and discharged its duties with respect to the LTD Plan in the interest of the participants and beneficiaries.

## TENTH DEFENSE

A claimant's entitlement to future ERISA benefits under the terms of the LTD Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability.  Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits.  Plaintiff must continue to satisfy the terms of the LTD Plan.

## TWELVTH DEFENSE

Plaintiff's claims are barred to the extent the Petition was not filed within the Policy or statutory limitations period.

## THIRTEENTH DEFENSE

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

## FOURTEENTH DEFENSE

Trial by jury is not available under ERISA for the claims brought by Plaintiff.

## COUNTERCLAIM

1.      In response to the allegations contained in the Petition, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the LTD Plan.  Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff.  Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln.  Plaintiff was awarded retroactive disability benefits from the Social Security Administration.  Under the terms of the document governing the LTD Plan, Plaintiff is obligated

and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration.  Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the LTD Plan.  Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 23rd day of November 2021.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
Email:  iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Christopher K. Ralston (Bar #26706)
Lindsay Calhoun (Bar #35070)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130

Email:  ralstonc@phelps.com
Email:  lindsay.calhoun@phelps.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2021, the above and foregoing Statement of Corporate Disclosure was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/   *Iwana Rademaekers*
Iwana Rademaekers