**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**STEPHEN OLSON**                    :              **CIVIL ACTION NO. 21-cv-3980**

**VERSUS**                           :              **JUDGE JAMES D. CAIN, JR.**

**LINCOLN NATIONAL LIFE**
**INSURANCE CO.**                    :              **MAGISTRATE JUDGE KAY**

## ERISA CASE ORDER

The court has determined that this litigation is governed by ERISA. The federal district court's review of an employee benefit plan determination is limited by the standards of review articulated by the United States Supreme Court and the Fifth Circuit Court of Appeal. *See Firestone Tire & Rubber Co. v. Bruch*, 109 S.Ct. 948 (1989); *White v. Life Ins. Co. of N. Amer.*, 892 F.3d 762 (5th Cir. 2018); *Vega v. Nat'l Life Ins. Svcs., Inc.*, 188 F.3d 287 (5th Cir. 1999).

In order to facilitate efficient progression of this action, it is

**ORDERED** that on or before August 1, 2022, the defendant is to compile an electronic file saved in .pdf format that contains all portions of the administrative record that the defendant maintains are relevant to the issues presented in plaintiff's complaint. This file should contain the Employee Benefit Plan. Each page of the file is to be numbered.  Once compiled, counsel for the defendant shall email the file to all counsel and electronically file it under seal using the Sealed Document (Sealed Pleading) event found under Civil > Other Filings > Other Documents to protect the plaintiff from publication of personal identifiers.  Should the file be too large to electronically file in one entry, then counsel is asked to signify in the docketing entry what pages are included therein. All counsel are to refer to the record submitted by the defendant in memoranda as "Doc. __ [entry no. for the record], p. __ [page of the record]."

After review of the defendant's submission and in the event that the plaintiff believes that the record is incomplete for purposes of this court's consideration of issues raised by the plaintiff, the plaintiff is to file a Motion to Supplement the Record and the court will consider that motion promptly. The Motion to Supplement the Record must be filed no later than thirty (30) days following the receipt of the defendant's Notice of Electronic Filing of the administrative record.

The parties are cautioned that the sealing of the administrative record will render that record unavailable to the parties for review. The parties must rely on their own copy of the electronic mailing for the purposes of briefing. Should there be any question as to what constitutes the record on file, the parties are encouraged to contact chambers for clarification.

**IT IS FURTHER ORDERED** that the plaintiff is to submit a memorandum to the court within ninety(90) days of the docketing of the record or ninety  (90) days of the court's disposition of any Motion to Supplement, whichever is later, setting forth the reasons for reversing the plan administrator's decision based on the administrative record. The defendant will then have thirty (30) days to file a response to the plaintiff's memorandum and plaintiff will then have fourteen (14) days after filing of the response to submit a reply thereto. Upon expiration of this final fourteen (14) day period the matter will be deemed submitted to the district court for determination.

**IT IS FURTHER ORDERED** that discovery shall be limited to the following: material that relates to the administrator's interpretation of the plan or policy; material that would assist the court in determining medical terms and procedures;  the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of the conflict of interest created by the plan administrator's dual role in making benefits determinations and funding the plan. *See, e.g.*, *Crosby v. La. Health Svc. and Indem. Co.*, 647 F.3d 258 (5th Cir. 2011). There may be no discovery regarding the factual basis of the plaintiff's claims, because the court's review is constrained to the evidence contained in the record and the plan administrator's decision typically may only be overturned if the court concludes there has been an abuse of discretion.[1] *White*, supra, 892 F.3d at 767; *Shadler v. Anthem Life Ins. Co.*, 147 F.3d 388 (5th Cir. 1998). Any discovery must be completed within 75 days of the docketing of the record.

THUS DONE AND SIGNED in Chambers this 3rd day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See also Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018) (plan administrator's decision is subject to de novo review where ERISA plan did not delegate discretionary authority to plan administrator, but district court's review still confined to administrative record).